**WO**                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beauford Powell, | ) No. CV 12-0663-PHX-GMS (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Shawn Magness, | ) |
| Defendant. | ) |

Plaintiff Beauford Powell, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 5.) Plaintiff has filed a First Amended Complaint.[1] (Doc. 6.) The Court will dismiss two of Plaintiff's claims and order Defendant Magness served with the First Amended Complaint, but will stay the filing of a response to the First Amended Complaint pending further Court order. Defendant will be required to file a notice every 90 days regarding the status of Plaintiff's state criminal cases.

---

[1] Defendant filed a motion to dismiss the First Amended Complaint for failure to state a claim. (Doc. 7.) Because the Prison Litigation Reform Act (PLRA) requires screening of prisoner complaints and the Court concludes that Plaintiff sufficiently alleges a viable claim, Defendant's motion to dismiss will be denied.

**JDDL-K**

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

/   /   /

## II.     First Amended Complaint

Plaintiff alleges three counts for violation of his Fourth and Fourteenth Amendment rights. He sues Phoenix Police Officer Shawn Magness. Plaintiff seeks compensatory relief.

All of Plaintiff's claims are based on the same facts, as follows: on September 11, 2011, Plaintiff was stopped by Officer Magness upon exiting a convenience store. Magness told Plaintiff that he was *not* under arrest, but handcuffed Plaintiff for Magness's protection. (Doc. 6 at 3.) After handcuffing Plaintiff, Magness informed Plaintiff that he suspected him in a theft. (Id. at 4.) Magness questioned Plaintiff, but did not inform Plaintiff of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Magness asked Plaintiff to consent to Magness searching him; Plaintiff refused to consent. (Doc. 6 at 4.) Nevertheless, Magness searched Plaintiff, including "digging" into his pockets, and removed a wallet, two phones, various papers, and forty dollars. (Id. at 3A.) Magness then took Plaintiff to the Fourth Avenue Jail, where Plaintiff was booked.

Plaintiff contends that Magness misrepresented that Plaintiff was suspected of theft to detain and harass him. He further alleges that Magness violated his Fourth Amendment right against unreasonable search and seizure where Plaintiff refused to consent to a search of his person. Plaintiff contends the same acts also violated Plaintiff's Fourteenth Amendment Due Process and Equal Protection rights. Plaintiff alleges that as a result of Magness's wrongful acts, he was arrested, which resulted in the loss of his job and emotional and financial harm.

**Additional Background**

Records available on-line reflect that Plaintiff is being held at the Fourth Avenue Jail in connection with two criminal cases currently pending in Maricopa County Superior Court, case## CR2011-147242 and CR2011-007861.[2] Plaintiff is also alleged to have violated the

---

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/112011/m4990631.pdf (last visited July 13, 2012).

- 3 -

JDDL-K

1  terms of probation in case# CR2008-160996.[3] The docket for CR2011-147242 reflects that
2  Plaintiff is charged with drug offenses with an offense date of September 11, 2011, i.e., the
3  same date as the events at issue in this case. Plaintiff was released on bond, but was
4  subsequently arrested on new charges in CR2011-007861.[4]

### III.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege that (1) the conduct about which he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a constitutional right. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.  Due Process

Plaintiff asserts a violation of his Fourteenth Amendment substantive due process rights based on the same conduct that he alleges violated his Fourth Amendment right to be free of unreasonable searches and seizures. "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Collins v. Harker Heights, 502 U.S. 115, 125 (1992). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the [Fourteenth Amendment's] more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)).

In this case, Plaintiff's Fourteenth Amendment substantive due process claim is subsumed by the Fourth Amendment's more discrete right to be free from unreasonable

---

[3] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-147242 (last visited July 13, 2012).

[4] See n.2, supra.

1 searches and seizures. Accordingly, to the extent that Plaintiff asserts a violation of his due 2 process rights based on search or seizure, he fails to state a claim and his due process claim 3 will be dismissed.

### B.    Equal Protection

Plaintiff also asserts a violation of the Equal Protection Clause of the Fourteenth Amendment. "[T]he Equal Protection Clause does not make every minor difference in the application of laws to different groups a violation of our Constitution." Salyer Land Co. v. Tulare Lake Basin Water Storage Dist., 410 U.S. 719, 725 (1973). Rather, the Equal Protection Clause requires that all persons similarly situated be treated alike. Plyer v. Doe, 457 U.S. 202, 216 (1982). Therefore, to state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must allege that a defendant acted with the intent to discriminate against the plaintiff based upon membership in a protected class and that the defendant's actions denied the plaintiff a fundamental right. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Absent allegations that he is a member of a protected class or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly-situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory allegations do not suffice. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff does not allege the violation of a fundamental right. While Plaintiff does allege that he is Black, he does not allege facts to support that Magness targeted or discriminated against him based upon his race. Plaintiff also fails to allege facts to support that he was intentionally treated differently than similarly-situated individuals without a reasonable basis therefor. Accordingly, Plaintiff also fails to state an Equal Protection claim.

### IV.    Heck v. Humphrey and Wallace v. Kato

A prisoner's claim for damages under § 1983 must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of any outstanding criminal judgment against him, unless the prisoner demonstrates that the conviction or sentence has previously

JDDL-K                                                    - 5 -

been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In this case, Plaintiff alleges Magness violated his Fourth Amendment rights by detaining him and searching him without his consent, a warrant, or probable cause and which resulted in his subsequent arrest. Charges incident to that arrest are currently pending against Plaintiff and appear to be based in part evidence obtained pursuant to the search challenged by Plaintiff in this action. If Plaintiff is convicted, it appears that success on his Fourth Amendment claim in this case would necessarily imply the invalidity of such conviction.

In Wallace v. Kato, 549 U.S. 384, 393-94 (2007), the Supreme Court stated that:

> [i]f a plaintiff files a false arrest claim before he has been convicted (*or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal of the civil action; otherwise, the civil action will proceed, absent some other bar to suit.

(citations omitted and emphasis added).

Liberally construed, Plaintiff states a claim against Defendant Magness for violation of his Fourth Amendment rights. As discussed herein, a criminal case related to Plaintiff's remaining civil claim in this case is currently pending. The Court therefore finds that a stay of that claim appears to be appropriate in this civil case. If Plaintiff is ultimately convicted in his criminal case and his conviction is not reversed, expunged, or otherwise invalidated, the remaining claim in his First Amended Complaint will be barred by Heck, because success on the claim would necessarily imply the invalidity of his conviction. See Wallace, 127 S.Ct. at 1098; Heck, 512 U.S. at 486-87. However, if Plaintiff is not convicted, an answer to this claim will be appropriate.

The Court will order that the First Amended Complaint be served on Defendant Magness, but the Court will stay the filing of a response to the First Amended Complaint pending further Court order. However, Defendant will be required to file a notice every 90 days regarding the status of Plaintiff's pending criminal cases in Maricopa County Superior Court.

/   /   /

## V.	Warnings

### A.	Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.	Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.	Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.	Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d at 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)	Plaintiff's Due Process and Equal Protection claims in Counts I and II are dismissed without prejudice. (Doc. 6.)

(2)	Defendant's motion to dismiss is **denied**. (Doc. 7.)

(3)	Defendant Magness **must not** answer or otherwise respond to the First Amended Complaint **until further order of the Court.**

(4)	Pending further Court order, Defendant Magness must file a notice in this case regarding the status of Plaintiff's pending criminal cases in Maricopa County Superior Court

1  every **90 days**.

2      DATED this 20th day of July, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge